HEZEKIAH GILBERT *vs.* THE CITY OF NEW HAVEN.

The charter of the city of New Haven provides that the clerk of the city shall make a record of all the votes and proceedings of the common council of the city. Held, on an appeal from an assessment for a city street, that parol evidence was not admissible to prove that the common council agreed to an arrangement proposed by the appellant and recommended by the committee on streets, that in consideration of his opening and grading certain streets without expense to the city, he should not be called on to pay any assessment when the street in question should at some future time be laid out.

And it seems that such an agreement, however proved, would be of no validity.

APPEAL from an assessment of benefits from the laying out a city street; taken under the provisions of the city charter to the Superior Court in New Haven County, and heard before *Minor, J.* The court affirmed the assessment, and rendered judgment for the city. The appellant moved for a new trial. The case is sufficiently stated in the opinion.

*Wright*, in support of the motion.

*Watrous*, contra.

FOSTER, J. From the finding in the court below it appears that the proper authorities of the city of New Haven duly and regularly laid out an extension of Gilbert Avenue, one of the streets of said city, on the 16th of May, 1872. The lay-out of said extension was referred to the board of compensation, under the provisions of the city charter, for the assessment of damages and benefits, and that board assessed as benefits upon this applicant, who owned lands on said avenue, the sum of $934.80. The board reported their doings to the common council of the city, who approved and accepted the same on the 8th of August, 1872. The applicant was duly notified of the meeting of the said board of compensation, and of the meeting of all other boards or bodies of whose meetings he was entitled to notice. The court found also, as matter of fact, that the property of the applicant was especially benefited by the extension and lay-out of the avenue in question, to the amount of the sum assessed. The assessment was therefore confirmed and approved, and judgment rendered in favor of the city.

We think there are insurmountable difficulties in the way of granting the applicant the relief here sought by this motion for a new trial. The motion is based solely on the ground of the rejection in the court below of certain evidence offered by the applicant. He there introduced in evidence a copy of an application signed by him, addressed to the court of common council, dated February 20th, 1868, setting forth that he was the owner of some ten acres of land, situated on Oak and George streets; that he was desirous of improving the same, and for that purpose, with the consent of the court of common council, proposed to lay out certain streets through said land. It was also asked, in said application, that a committee might be appointed to confer with the applicant in regard to said streets. The applicant also introduced in evidence a report to the common council from the committee on streets, dated March, 1869, which report, after stating that the aforesaid pe-

tition of the applicant had been referred to them, set forth in addition that they had attended to the business assigned them, and that they recommended the passage of the accompanying orders. The accompanying orders were, that permission be given to Hezekiah Gilbert, the applicant, to lay out and open, on his own land, without cost or damage to the city, two certain public streets, the location and dimensions of which were particularly specified in said orders; which streets were to be laid out, opened, and completed, to the acceptance of the board of road commissioners, and upon compliance with these orders by the applicant, additional orders provided that the road commissioners should lay out two public streets, the situation and character of which were particularly described in said orders, in connection with the streets to be laid out by the applicant. No further documentary evidence appears by the record to have been offered.

The applicant offered to prove by parol that, when his said petition was before the committee on streets, he proposed to open said streets referred to in said report, through his land, and work and grade the same, without expense to the city, to the satisfaction of the city authorities; provided that he should not be called on to pay any assessments whenever thereafter Gilbert Avenue should be extended; and that his proposition was accepted by said committee, reported by them to the common council and by the common council accepted and approved. To the admission of this evidence the defendant objected, and the court excluded it. The sole question is, does the exclusion of this evidence afford ground for a new trial? We think it does not. The city charter requires the clerk of the city to make true and regular entries of all the votes and proceedings of the court of common council upon the records of the city. We must presume this duty to have been done, in the absence of proof to the contrary. Parol evidence of the doings of this tribunal, under these circumstances, is clearly inadmissible. If a mistake has intervened, if there is an omission in the record, the clerk who was then in office, if he still remains in office, may, perhaps, in view of the principles enunciated in the case of *Boston Turnpike Co.*

v. *Pomfret*, 20 Conn., 590, correct the mistake, or supply the omission. Should he refuse to do so, he may be compelled by a writ of mandamus. Meantime, we think the rules of law, and the dictates of public policy, require our courts to consider the record as constituting the evidence, and the only evidence, of the votes and proceedings of the court of common council. But if this evidence were admitted, and the facts as claimed were proved, it is exceedingly doubtful, to say the least, whether any foundation would be laid for a new trial in this case. The powers exercised by this committee on streets, and the court of common council, as claimed by this applicant, were most extraordinary. The date of his application to the common council is February 20th, 1868. The date of the report of the committee, March, 1869. The effect of the contract made between these dates, or in connection with the latter one, according to the claim made, is to cut off the city authorities from all right to assess the applicant for benefits which might accrue to him, from thereafter opening and laying out a certain street, to lay out which no steps had then been taken, and it was quite uncertain when, if ever, any steps would be taken for that purpose. The layout was not in fact made till August 8th, 1872; a new charter having, in the meantime, been granted to the city by the legislature, and the one in force in 1869 having been repealed. It would be strange if the powers vested by the new charter in the court of common council, in the board of road commissioners, and the board of compensation, over this subject matter, should be found paralyzed by the previous action of the court of common council, taken before the present charter was granted, and when the subject could in no way have been before them, except by anticipation. It would be still more strange, if such a claim could be substantiated by the uncertain recollection of witnesses, without a word of record evidence. It is unnecessary however to pursue the subject. We see no grounds for a new trial and the motion therefore must be denied.

In this opinion the other judges concurred.