## COBB *et al.* v. ALBERTI *et al.*

No. 2391.    Opinion Filed June 10, 1913.

(132 Pac. 1075.)

**DRAINS—Evidence—Proceedings of the County Commissioners—Establishment of Drainage District—Collateral Attack.** Section 31 of act of Legislature approved May 29, 1908 (Sess. Laws 1907-08, p. 314), makes it the duty of the county clerk to enter in a book provided for that purpose a complete record of all the acts of the board of county commissioners in establishing a drainage district and in authorizing the construction of a drainage ditch or public improvement therein, so that a complete history of all the things done shall be given by the record; and this record cannot be contradicted in a collateral proceeding by parol evidence.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Louie Cobb and others against George Alberti, Jr., and others, as members of the board of county commissioners. From a judgment for defendants, plaintiffs bring error. Affirmed.

*John S. Burger,* for plaintiffs in error.
*W. C. Tetirick* and *J. F. King,* for defendants in error.

HAYES, C. J. Plaintiffs brought this proceeding in the court below to obtain an injunction restraining defendants as members of the board of county commissioners of Kay county from attempting to carry out orders made by said board creating a certain drainage district, and proposing to assess against the property in said district the cost of constructing a ditch therein, and thereby creating a cloud upon the title of the plaintiffs, who are owners of real estate situated in said drainage district.

Plaintiffs allege in their petition numerous irregularities in the proceedings of the county commissioners as rendering

said proceedings creating the drainage district in the township of Carlyle, in Kay county, invalid; but in this court they have urged for reversal of the cause but one of said alleged irregularities, which irregularity urged here is that plaintiffs had no notice of the hearing nor an opportunity to be heard upon the report of the viewers as to the necessity or advisability of creating said drainage district; and that the order of the commissioners establishing said district is therefore void as to them. The answer of the county commissioners in the court below denies all the irregularities alleged against them in the petition of plaintiffs, and alleges a full compliance with the statutes regulating the procedure in such matters. The statutes applicable to this case are to be found in act of the Legislature approved May 29, 1908 (chapter 30, Sess. Laws 1907-08). Upon the filing of a petition by the persons designated in the statute and in the manner therein provided for the construction of a drain or other public improvement, the county commissioners are required to appoint three resident freeholders of the county not interested in the construction of the proposed work, who shall proceed at once under direction and order of the commissioners to view the line of the proposed drain or improvement and report by actual view of the premises whether the proposed improvement is actually necessary or of private or public utility and benefit. After the report of the viewers is filed, it is the duty of the county commissioners, if in session, and if not, of the county clerk, by order of record, to fix a time for hearing the petition and the report of the viewers thereon and to cause a notice to be given by publication for two weeks in some newspaper printed and of general circulation in the county of the pendency of said petition and place of beginning route, and terminus of said proposed drain or improvement, and the time when the petition and the report made by the viewers will be heard. Any person interested in land which will be affected by the drain may file in the office of the county clerk on or before the day set for

the hearing of the report of the viewers a written remonstrance or objection against same as located by the petition or report of the viewers, setting forth his grievance, which objection shall be by the commissioners filed, read, and determined with the petition.

There is no controversy that a notice in full compliance with the statute was given and published by the county clerk that a hearing on the report of the viewers would occur at one o'clock p. m. on the 5th day of July, 1909. The record of the county clerk, which was introduced in evidence, establishes that at the time designated in the notice the county commissioners were in session and made an order favorable upon the report of the viewers, and directed that the viewers should go back upon the line of the proposed drain and establish the precise location thereof. The trial court, however, permitted plaintiffs to introduce parol testimony, tending to show that the commissioners met at nine o'clock a. m. on the 5th day of July, instead of at one o'clock p. m., and made their finding and order upon the report of the viewers; that plaintiffs had no notice of this meeting of the board and no opportunity to be present thereat and heard. On the other hand, parol testimony was introduced by defendants, tending to support the record of the county clerk. The court found the issue of fact as to the time said order was made and of the opportunity of plaintiffs to be heard in favor of defendants; and this finding constitutes the only assignment urged in counsel's brief for reversal of the cause. We think the court committed no error therein, for the reason that the record of the county clerk in this collateral proceeding is conclusive. In addition to the fact that section 8 of the act requires that when the commissioners make their finding upon the report of the viewers, after hearing thereon, they shall cause same to be entered upon the record, together with their order authorizing and directing the viewers to proceed to establish the precise location, section 31 of the act provides that:

"The county clerk shall enter in a book to be provided for that purpose, at the expense of the county, a complete record of every such drain or improvement made under the provisions of this act. It shall include the petition, bond, report of the viewers and surveyor and drainage commissioner, and all record entries made, together with all plats. and papers necessary to show a complete history of all that is done in the case."

By these provisions of the statute, it was intended by the Legislature that there should be a complete record of every act performed by the officers in a proceeding. to establish a drainage district and to provide for the construction of a drain or public improvement therein, and the clerk, in making the record introduced in this case, performed a mandatory duty under the statute. It was not intended that in future years, when possibly the bonds or warrants issued in the construction of such public improvement might .have their regularity questioned, their validity should be determined by the uncertainties of parol testimony as to whether all the steps prescribed by the statute were taken; and parol evidence to impeach this record in a collateral proceeding is inadmissible. If a mistake has intervened, or there is an omission in the record, a correction thereof could have been obtained by proceeding against the clerk in a mandamus proceeding. *Gilbert v. City of New Haven,* 40 Conn. 102; section 1306, Page & Jones on Taxation by Assessment.

The judgment of the trial court, denying to plaintiffs the injunction sought, is accordingly affirmed.

All the Justices concur.